JOHN D. GIFFIN, CASB NO. 89608
KEESAL, YOUNG & LOGAN
A Professional Corporation
Four Embarcadero Center, Suite 1500
San Francisco, California 94111
Telephone:  (415) 398-6000
Facsimile:  (415) 981-0136

Attorneys for Defendants
Baydelta Maritime, Inc.
and Bay and Delta Marine Services, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PUGET CARRIER CORPORATION, a Delaware Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> TUG DELTA LINDA, Official Number 1078815, her engines, tackle, appurtenances, etc., *in rem*, BAYDELTA MARITIME, INC., a California Corporation, <br><br> Defendants. | Case No. C 07-2495 EDL <br><br> DEFENDANTS BAYDELTA MARITIME, INC. AND BAY AND DELTA MARINE SERVICES INC.'s ANSWER TO PLAINTIFF'S COMPLAINT |

Defendants Baydelta Maritime, Inc. and Bay and Delta Marine Services, Inc. respond to Plaintiff's Complaint as follows:

1.  Defendants admit those allegations contained in paragraphs 1, 2, 6, 7, 13 and 14 of Plaintiff's Complaint.

2.  Defendants deny in their entirety those allegations contained in paragraphs 9, 16, 17, 18 and 19 of Plaintiff's Complaint.

3.  To the extent that Plaintiff incorporates by reference in paragraph 11 other allegations in Plaintiff's Complaint so do Defendants incorporate by reference their responses thereto.

- 1 -

KYL_SF453980

DEFENDANTS BAYDELTA MARITIME, INC. AND BAY AND DELTA MARINE SERVICES' ANSWER TO PLAINTIFF'S COMPLAINT - Case No. C 07-2495 EDL

1  4.  In response to paragraphs 3 and 4 of Plaintiff's Complaint Defendants state that they have insufficient information to respond thereto and therefore based upon their lack of information and belief Defendants deny the allegations contained therein in their entirety.

5.  In response to paragraph 5 of Plaintiff's Complaint Defendants admit that the Tug DELTA LINDA's Official Number is 1078815, that on, or about, October 24, 2005 the Tug DELTA LINDA was owned by Bay and Delta Marine Services, Inc. and operated by Baydelta Maritime, Inc. All other allegations contained therein are denied.

6.  In response to paragraph 8 of Plaintiff's Complaint Defendants admit that on October 24, 2005 the crew of the Tug DELTA LINDA were employed by Baydelta Maritime, inc. and were working in the course and scope of their employment. All other allegations contained therein are denied in their entirety.

7.  In response to paragraph 10 of Plaintiff's Complaint Defendants admit that Baydelta Maritime, Inc. on or about October 24, 2005 held itself out to Plaintiff and others to be an experienced provider of tug assist services with regard to operating vessel assist tugs for the purpose of docking and undocking vessels in and about the San Francisco Bay Area. All other allegations contained therein are denied in their entirety.

8.  In response to paragraph 12 of Plaintiff's Complaint Defendants admit that on or about October 24, 2005 the Tanker M/T PUGET SOUND was afloat adjacent to the Chevron Richmond Long Wharf in Richmond, California. Defendants have insufficient information to confirm or deny other allegations contained therein and therefore based upon their lack of information and belief deny all such allegations.

9.  In response to paragraph 15 of Plaintiff's Complaint Defendants state that to the extent that the Tug DELTA LINDA was engaged to provide tug assist services to the M/T PUGET SOUND, both the Tug DELTA LINDA and Baydelta Maritime, Inc. had a duty to exercise care and skill in accordance with applicable industry customs and practices. All other allegations contained therein are denied in

their entirety.

10. For their First Affirmative Defense, Defendants allege that Plaintiff's Complaint, and each purported cause of action therein, fails to state a claim upon which relief may be granted.

11. For their Second Affirmative Defense, Defendants allege that Plaintiff's Complaint is barred by the applicable statute of limitations in that the incident which gave rise to the Plaintiff's Complaint is alleged to have occurred on October 24, 2005 and Plaintiff's Complaint was not filed until May 9, 2007.

12. For their Third Affirmative Defense, Defendants allege that Plaintiff's Complaint is barred by the doctrine of laches in that the incident which gave rise to the Plaintiff's claim against Defendants is alleged to have occurred on October 24, 2005 and Plaintiff's Complaint was not filed until May 9, 2007.

13. For their Fourth Affirmative Defense, Defendants allege the written Terms and Conditions relating to the services provided to the vessel M/T PUGET SOUND including, but not limited to, LIMITATION OF LIABILITY which specifically states that "this agreement shall not be construed to be a personal contract, and Baydelta Maritime, the tugs and their owners, charters, and operators shall have the benefit of all exemptions from limitations of liability under the laws and statutes of the United States." Defendants further allege the DISCLAIMER OF WARRANTIES which provides "Baydelta Maritime will exercise due diligence to furnish seaworthy tugs that are adequately manned and equipped for the work to be performed." Otherwise Baydelta Maritime makes no warranties of any kind, expressed or implied, and expressly disclaims any warranty of workmanlike service or performance. Defendants further allege the NOTICE OF DAMAGE AND CLAIM provisions in the Terms and Conditions which provides "Notice of any alleged loss, damage, or injury suffered or caused by a vessel to which tug services are rendered under this Schedule must be given to Baydelta Maritime as soon as possible, not to exceed twenty-four hours after the alleged occurrence. Written notice of claim on Baydelta Maritime for such alleged loss,

1  damage, or injury must be made within thirty days of such occurrence. If the required
2  notices are not given no claim arising out of such occurrence shall be valid, and no suit
3  may be maintained in respect such claim."

DATED: June 19, 2007

/s/ John D. Giffin
JOHN D. GIFFIN
KEESAL, YOUNG & LOGAN
Attorneys for Defendants
Baydelta Maritime, Inc. and Bay and Delta
Marine Services, Inc.