**KAYE, ROSE & PARTNERS, LLP**
Bradley M. Rose  (SBN 126281)
Frank C. Brucculeri (SBN 137199)
1801 Century Park East, Suite 1500
Los Angeles, California 90067-2302
Tel: (310) 551-6555
Fax: (310) 277-1220

Attorneys for Plaintiff
PUGET CARRIER CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUGET CARRIER CORPORATION, a Delaware Corporation,<br><br>                    Plaintiff,<br><br>          vs.<br><br>TUG DELTA LINDA, Official Number 1078815, her engines, tackle, appurtenances, etc. *in rem*, BAYDELTA MARITIME, INC., a California Corporation,<br><br>                    Defendants. | Case No.  C 07 2495-EDL<br><br>Assigned to: Hon. Elizabeth D. Laporte,<br>          Ctrm E, 15th Floor<br><br>**IN REM**<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Complaint filed:  May 9, 2007 |

Plaintiff PUGET CARRIER CORPORATION   ("PCC"), by and through its counsel, KAYE ROSE & PARTNERS, LLP, and Defendant BAYDELTA MARITIME, INC. ("BAYDELTA") by and through its counsel, Keesal Young & Logan LLP, hereby submit their JOINT CASE MANAGEMENT STATEMENT pursuant to the Court's Order Setting Initial Case Management Conference and ADR Deadlines dated May 9, 2007.   Counsel met and conferred in person on Monday, July 24, 2007 at the offices of Keesal Young & Logan in San Francisco.

## I.    JURISDICTION

This Court has subject matter jurisdiction pursuant to 28 U.S.C. section 1333 in that this is a case of admiralty and maritime jurisdiction under the General Maritime Laws of the United States and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  In addition, as the Complaint states an **in rem** claim against the vessel TUG DELTA LINDA, Official Number 1078815, this Court also has jurisdiction pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.  Only the in rem defendant, the Tug DELTA LINDA remains to be served at this time and the parties propose a deadline for service of September 17, 2007.

## II.    FACTS

This case involves an alleged collision between Plaintiff's oil tanker, M/T PUGET SOUND and the Defendant's Tug DELTA LINDA which is said to have occurred at Chevron's wharf in Richmond, California on October 24, 2005.   Principal factual issues include the cause of the collision and the amount of damages attributable to the incident.

## III.    LEGAL ISSUES

The parties do not presently anticipate any significant disputed legal issues.

## IV.    MOTIONS

There are no prior or pending motions and the parties do not presently anticipate the filing of any motions as both parties are working together in good faith to resolve factual and legal issues necessary to a possible early informal resolution of this case.

## V.    AMENDMENT OF PLEADINGS

The parties do not presently anticipate the need to amend or alter the pleadings. The parties propose a deadline of October 15, 2007 for the amendment of pleadings in this matter.

## VI.    EVIDENCE PRESERVATION

The parties have made good faith efforts to preserve all relevant evidence.

/ / /

/ / /

**JOINT CASE MANAGEMENT STATEMENT**

## VII. DISCLOSURES

The parties have exchanged documents and information in accordance with the requirements set forth in Rule 26 of the Federal Rules of Civil Procedure.

## VIII. DISCOVERY

The parties are working together in good faith to resolve this matter with out resort to formal discovery. If those efforts are not successful, the parties anticipate that they will each serve written discovery consisting of interrogatories, requests for production and/or requests for admission. In addition, the parties anticipate taking a total of three depositions per party.

## IX. CLASS ACTIONS

This is not a class action matter.

## X. RELATED CASES

The parties are unaware of any pending related cases.

## XI. RELIEF

Plaintiff seeks the following damages: (a) Inspection, survey and repair costs totaling $111,043.68, and (b) Loss of Use/Loss of Hire in the amount of $105,000 for three and a half days.

## XII. SETTLEMENT AND ADR

The parties believe that prospects for settlement are very good in this case. Following the assessment of documents and information disclosed pursuant to Rule 26, the parties anticipate that they will actively engage in settlement negotiations. In the event that those efforts do not resolve the case in its entirety, the parties stipulate to have a settlement conference before a Magistrate Judge as set forth in ADR Local Rule 3.5.

## XIII. CONSENT TO MAGISTRATE

The parties are not yet in a position to advise whether they will both consent to have this matter heard by a Magistrate Judge for all purposes, but should be in a position to advise the Court of that decision on or before the scheduled Case Management Conference in this Case.

### XIV. OTHER REFERENCES

The parties do not believe that the case is suitable for reference to binding arbitration, a special master or the Judicial Panel for Multidistrict Litigation.

### XV. NARROWING OF ISSUES

Although there are no issues to be narrowed at this time, the parties fully expect to cooperate in order to narrow issues that may arise in order to streamline the presentation of this case to the Court in the event trial is necessary.

### XVI. EXPEDITED SCHEDULE

The parties do not believe that this case is one suitable to an expedited schedule.

### XVII. SCHEDULING

The parties proposed the following dates:

| | |
|---|---|
| Trial: | March 17, 2008 |
| Pre-Trial: | February 18, 2008 |
| Discovery Cut-off: | January 7, 2008 |
| Motion Cut-off: | January 27, 2008 |
| Expert Disclosures: | January 7, 2008 |

### XVIII. TRIAL

This will be a Court trial which the parties estimate at 2 to 3 days.

### XIX. DISCLOSURE OF NON-PARTY ENTITIES OR PERSONS

In addition to the parties named in the caption, Plaintiff identifies Lloyd's of London as Plaintiff's hull or property underwriter.

/ / /

/ / /

/ / /

/ / /

JOINT CASE MANAGEMENT STATEMENT

**XX.   SUCH  OTHER MATTERS AS MAY FACILITATE THE JUST,**

**SPEEDY AND INEXPENSIVE DISPOSITION OF THIS MATTER**

The parties are not presently aware of any other matters about which the Court should be informed in order to facilitate the just, speedy and inexpensive disposition of this matter.

Respectfully Submitted,

KAYE, ROSE & PARTNERS, LLP

Dated:  August 7, 2007          By: _____
                                    Frank C. Brucculeri
                                    Bradley M. Rose
                                    Attorneys for Plaintiff
                                    PUGET CARRIER CORPORATION


KEESAL YOUNG & LOGAN LLP

Dated:  August 7, 2007          By: _____
                                    John Giffin
                                    Attorneys for Defendants
                                    BAYDELTA MARITIME, INC.
                                    and the TUG DELTA LINDA

**JOINT CASE MANAGEMENT STATEMENT**